**JUDGE FRANKLIN D. BURGESS**

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                         )<br>                            Plaintiff,    )<br>                                                         )<br>           v.                                         )<br>                                                         )<br>TOBIAS GRACE and SCOTT      )<br>LANEY,                                          )<br>                                                         )<br>                            Defendant.  )<br>_____ ) | No. CR04-5460FDB<br><br>**STIPULATION AND ORDER EXTENDING MOTIONS FILING DEADLINE AND CONTINUING TRIAL DATE** |

## STIPULATION

Plaintiff United States of America and defendants TOBIAS GRACE and SCOTT LANEY, by and through their respective undersigned counsel of record, hereby stipulate and agree to extend the motions filing deadline from September 1, 2005, to January 5, 2006, and continue the trial date from November 28, 2005, to March 20, 2006. This continuance is requested, and required in the interest of justice, for the following reasons.

1. On August 19, 2004, the defendants were charged by Indictment with a conspiracy to traffic in counterfeit labels and computer program documentation, and a conspiracy to engage in money laundering.

STIPULATION AND ORDER CONTINUING
MOTIONS FILING DEADLINE AND TRIAL
DATE; Case No. CR04-5460FDB - 1

The government alleges that the charged conspiracies are large-scale and long-term. In particular, they allege that they began in the year 2000, and continued until August, 2004, and involved millions of dollars worth of illegally marketed computer software. The Indictment also seeks the forfeiture of significant assets. Both defendants are out of custody on bond pending trial.

2. The charges are complex, and discovery is voluminous. In its investigation, the government has collected many thousands pages of records and documents, including bank records for various accounts allegedly used as part of the charged conspiracies. It also seized tens of thousands of pieces of software or software components, and approximately 38 computer hard drives filled with millions of pages of documents, including email correspondence and invoices directly relevant to the issues in this case.

3. The parties have been diligently preparing for trial since the defendants were arrested. The parties have also had numerous meetings to discuss a number of issues in the case, including possible settlement via plea agreements with the United States. As a result of those meetings, the parties have resolved many issues, and have identified certain remaining issues that need to be analyzed and resolved in order to settle these cases via plea agreement and/or prepare for trial.

4. Complicating negotiations concerning a possible plea agreement for Mr. Grace is the pending indictment against him in the United States District Court for the Central District of California, *United States v. Sanh Thai, et al.*, CR No. 04-1261 (A) -DSF. In the California matter, Mr. Grace is charged with ten other defendants with Conspiracy to Traffic in Counterfeit Computer Documentation and Trafficking in Counterfeit Goods, as well associated substantive counts. Because the conduct charged in the California case is related to the conduct charged in this case, the parties conducted extensive discussions with the parties to the California case in an effort to work out a coordinated global plea to both matters. Ultimately, those discussions failed to produce a coordinated resolution of the two cases. In June, 2005, Mr. Grace entered a separate plea agreement in the Central District of California. Since that date the government and defendant Grace have diligently been attempting to resolve this matter. For Mr. Grace, the California matter has made this task more

STIPULATION AND ORDER CONTINUING
MOTIONS FILING DEADLINE AND TRIAL
DATE; Case No. CR04-5460FDB - 2

complicated. Nevertheless, counsel for Mr. Grace and the government believe that they are close to a resolution of Mr. Grace's case, but additional time is necessary to resolve the few remaining issues.

5. Counsel for Mr. Laney and the government are also diligently pursuing a resolution of the case, and both counsel remain cautiously optimistic that an agreement can be reached. However, more time is needed to resolve the remaining issues. The main (but not only) unresolved issue for both defendants is the loss amount attributable to each defendant. This is a highly complex issue, which requires the assistance of accountants and forensic experts. Because of the sheer volume of documents seized in this case, more time is needed to fully analyze and comprehend the potential loss figures.

6. In sum, the defendants require additional time to properly investigate and prepare the matter to provide effective assistance of counsel. Continuance of the trial date to March 20, 2006, would allow the defense to adequately prepare for trial, should that become necessary, including obtaining and reviewing the relevant discovery, conducting the appropriate pretrial investigation, and identifying and interviewing all necessary witnesses. Defense counsel also need additional time to properly investigate and research pretrial motions to be raised on the defendants behalf. Finally, and perhaps most significantly, further time is required for the parties to effectively complete plea negotiations.

7. For all of the reasons herein above set forth, the parties agree: (a) that the failure to grant a continuance in this case will deny defense counsel the reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendants in a speedy trial; and, ©) that failure to grant a continuance in this proceeding will likely result in a miscarriage of justice; all within the meaning of 18 U.S.C. 3161(h)(8)(A), (B)(I), (B)(ii), and (B)(iv).

8. Counsel for each of the defendants have discussed with their clients this proposed continuance. Both Mr. Laney and Mr. Grace concur in the proposed continuance and are prepared to immediately file speedy trial waivers through the end of March, 2006.

**STIPULATION AND ORDER CONTINUING**
**MOTIONS FILING DEADLINE AND TRIAL**
**DATE; Case No. CR04-5460FDB - 3**

9. Accordingly, the parties respectfully request that the Court enter an Order continuing the trial date to March 20, 2006, and extending the motions deadline to January 5, 2006.

DATED this ___ day of October, 2005.

BARRY FLEGENHEIMER

By: _____
Barry Flegenheimer
WSBA No. 11024
Bell Flegenheimer
119 First Ave. S. # 500
Seattle, WA 98104
206.621.8777
Fax: 206.621.1256
E-mail: **barrylfp@winstarmail.com**
Attorney for Tobias Grace

JOHN McKAY, UNITED STATES ATTORNEY

By: _____
Annette L. Hayes
WSBA No. 21007
Assistant United States Attorney
United States Attorney's Office
    for the Western District of Washington
700 Stewart St., Suite 5220
Seattle, WA 98101-1271
206.553.7970

Fax: 206.553.0755

Email: **Annette.Hayes@usdoj.gov**

Attorney for Plaintiff

**STIPULATION AND ORDER CONTINUING MOTIONS FILING DEADLINE AND TRIAL DATE; Case No. CR04-5460FDB - 4**

RICHARD J. TROBERMAN, P.S.


By: _____
Richard J. Troberman
Suite 2510
520 Pike Street
Seattle, WA 98101-4006
206.343.1111
Fax: 206.622.9190
Email: **tmanlaw@aol.com**
Attorney for Scott Laney

**STIPULATION AND ORDER CONTINUING
MOTIONS FILING DEADLINE AND TRIAL
DATE; Case No. CR04-5460FDB - 5**

x

**ORDER**

Based upon the above stipulation of the parties, and for the reasons set forth therein, the Court finds that, pursuant to 18 U.S.C. 3161(h)(8)(A),(B)(I) and (ii), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a more speedy trial, and that the period of delay resulting from this continuance, from November 28, 2005 up to and including the new trial date of March 20, 2006, shall be excluded in computing the time within which the trial of this matter must commence. Accordingly,

IT IS HEREBY ORDERED that, subject to the defendants filing Waivers of Speedy Trial through the end of March, 2006, the motions filing deadline is continued from September 1, 2005, to January 5, 2006, and the trial date is continued from November 28, 2005, to March 20, 2006.

DATED this 3$^d$ day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

**STIPULATION AND ORDER CONTINUING MOTIONS FILING DEADLINE AND TRIAL DATE; Case No. CR04-5460FDB - 6**